I fully agree with the majority that the notice of hearing sent to Ronell Brown failed to apprise him that the hearing affected the rights of his putative daughter Sky. And had Brown appeared in this court to contest the issue, he would have an excellent claim for reversing the permanent custody order. But he has made no appearance, and his rights cannot be asserted by the mother here because she cannot show she suffered prejudice from Brown's alleged lack of notice.
In permanent custody cases involving a lack of notice to a putative father, the courts have fairly consistently found another party has no standing to assert that issue on appeal. See In re Ciara B. (July 2, 1998), Lucas App. No. L-97-1264, unreported; In re Rackley (Apr. 8, 1998), Summit App. No. 18614, unreported; In re Young(Feb. 5, 1996), Stark App. No. 95-CA-0180, unreported; In re Shackelford(May 22, 1990), Montgomery App. No. 11783, unreported.
In some cases, the courts will permit an appealing party to assert an error on behalf of a non-appealing party, but only if the appealing party can show prejudice to herself resulting from the error against the non-appealing party. See, e.g., In re Hitchcock (1996), 120 Ohio App.3d 88,99-100.
The majority claims mother will suffer prejudice from Brown's lack of notice because the court needs to find that neither parent is suitable before granting permanent custody to the county. It believes that if Brown were located, if his paternity were established, if he were found to be a suitable parent, and if he were inclined to take custody of the child, he might be willing to permit mother to visit with the child, thus forestalling a complete termination of her relationship with the child.
The majority's position essentially overturns the court's determination that mother is unfit to care for the child, for its suggestion that mother is entitled to visitation comes despite overwhelming evidence supporting the court's decision to terminate her parental rights. Mother did not bother to appear at the permanent custody hearing and on appeal makes no argument that the court abused its discretion by terminating her parental rights. The court's determination is therefore binding in this case and without a specific assignment of error on that point, we have no authority to question it on appeal.
Without belaboring the point, the evidence showed that mother's drug addiction caused her to neglect her children to the point where the maternal grandmother was granted custody. While in the maternal grandmother's care, the children were physically abused to the point of being tortured. Although mother sometimes saw the children, she failed to take steps to stop the abuse doled out by the maternal grandmother. The juvenile court, acting with the best interests of the child, found mother to be unfit a finding that is fully supported by the record and not challenged on appeal.
Despite this overwhelming evidence against mother, the majority says that mother might still have some residual rights to see her children were the putative father to surface, take custody and permit her to see the children. This is nothing more than an end run around an otherwise binding determination. If it is no longer in the child's best interests to have the mother play any part in her life, it would be wrong to find the mother suffered prejudice when the putative father might permit her to do what the court has conclusively forbidden. In other words, she can suffer no legal prejudice from Brown's lack of notice because she no longer has any right of access to the child nor, as the court found, is she entitled to any further access.
Mother's alleged prejudice from Brown's failure to receive proper notice cannot be divorced from the child's best interests. The majority opinion circumvents a binding lower court decision and ignores the best interests of the child. For these reasons I respectfully dissent.